## MAX KAPELOWITZ ET UX. v. STILLMAN, DELEHANTY, FERRIS COMPANY ET AL.

Argued May term, 1927—Decided October 5, 1927.

**Negligence—Motor Vehicle Collision—Plaintiff Claims Award Inadequate—Facts Considered and Held, That They Presented a Jury Question, Which Should Not be Disturbed.**

On rule to show cause, Middlesex Circuit.

Before Justices PARKER, MINTURN and CAMPBELL.

For the rule, *Wight, Wight & Golenbock.*

*Contra, Wall, Haight, Carey & Hartpence.*

For the defendant Langen, *David T. Wilentz.*

PER CURIAM.

The plaintiffs, husband and wife, brought action to recover direct and consequential damages for personal injuries, sustained by the wife in an automobile collision.

The action was tried before the court and a jury in the Middlesex Circuit, and resulted in a verdict for $50 for the plaintiff's wife.

There was no evidence that the husband suffered any damage, and the court so charged without any exception being taken thereto. The only reason advanced in support of the rule is inadequacy of damages.

The doctor testified that five or six visits, extending over a period of a month, were made; one visit to the plaintiff's house and the rest at the doctor's office, for which he received twelve or fifteen dollars for his services from the wife.

The patient complained of pain in the thumb and chest. The doctor found a few marks on the chest and a swollen thumb which seemed like a partial rupture of a ligament on

the inside of the right thumb. No X-ray was deemed necessary, but the physician prescribed lead and opium wash for the thumb. He concluded that the right thumb would remain permanently enlarged as compared with the left, and both thumbs were exhibited to the jury.

The plaintiff testified she was injured in the right thumb, the knee and chest; still suffers pain and was unable to work for a month. We are inclined to think that the situation thus presented was one entirely for the jury, and that their conclusion should not be disturbed.

The rule will be discharged.